## UNITED STATES v. FARMERS' & MECHANICS' NAT. BANK OF PHILADELPHIA.

(District Court, E. D. Pennsylvania. January 27, 1925.)

No. 9774.

Internal revenue ⬥25—Commissioner may require production of books and records for the purpose of correction of income tax return at any time within five years after return was filed.

Under Revenue Act 1921, § 250, subd. (d), being Comp. St. Ann. Supp. 1923, § 6336⅛tt, which authorizes the Commissioner to determine and assess income, excess profits, or war profits taxes due under any return made for prior taxable years within five years after the return was filed, the Commissioner may, in aid of such power, under section 1308 (Comp. St. Ann. Supp. 1923, § 6371⅘f), require the production for examination of books or documents, for the purpose of ascertaining the correctness of any such return at any time within five years after the return was filed.

Petition by the United States against the Farmers' & Mechanics' National Bank of Philadelphia to require production of books and records. Petition granted.

George W. Coles, U. S. Atty., and Joseph L. Kun, Asst. U. S. Atty., both of Philadelphia, Pa.

Lewis, Adler & Laws and Otto Wolff, Jr., all of Philadelphia, Pa., opposed.

McKEEHAN, District Judge. This is a petition for a rule upon Howard W. Lewis, liquidating agent of the Farmers' & Mechanics' National Bank of Philadelphia, to show cause why he should not produce for inspection by the Commissioner of Internal Revenue such of the books and records of the bank as bear upon matters required to be included in the income and excess profits tax return of the bank for the year 1917. An answer was filed, and the case is before the court on the petition and answer. No question of fact is involved.

On February 28, 1918, the bank filed its return of income and excess profits taxes for the year 1917. The amount due under the return was determined and assessed by the Commissioner on May 28, 1918, at $8,542.16, which was paid on June 14th of that year. An additional tax of $534.96 was determined and assessed on December 1, 1919, after a further examination of the return, which tax was paid on December 26, 1919. On February 7, 1921, the internal revenue agent wrote a letter to the bank, pointing out that the law required assessments of additional income and profits taxes for the year 1917 to be made within three years after the date for filing the returns, and requested the bank to execute a waiver of this time limit; but the request was not complied with. Subsequently, on June 28, 1922, the internal revenue agent requested the bank to produce its books and data relating to its return for 1917, for inspection and verification, which request was also refused.

The statutory authority relied upon by the government is section 250 (d) and sections 1308 and 1310 (a) of the Revenue Act of 1921 (Comp. St. Ann. Supp. 1923, §§ 6336⅛tt, 6371⅘f, 6371⅘g), the material portions of which are as follows: Section 250 (d) provides:

"The amount of income, excess profits, or war profits taxes due under any return made under this Act for the taxable year 1921 or succeeding taxable years shall be determined and assessed by the Commissioner within four years after the return was filed, and the amount of any such taxes due under any return made under this act for prior taxable years or under prior income, excess profits, or war profits tax acts, * * * shall be determined and assessed within five years after the return was filed," etc.

Section 1308 provides:

"The Commissioner, for the purpose of ascertaining the correctness of any return or for the purpose of making a return where none has been made, is hereby authorized, * * * to examine any books, papers, records, or memoranda bearing upon the matters required to be included in the return, and may require the attendance of the person rendering the return or of any officer or employee of such person, or the attendance of any other person having knowledge in the premises, and may take his testimony with reference to the matter required by law to be included in such return, with power to administer oaths to such person or persons."

Section 1310 (a) provides:

"If any person is summoned under this act to appear, to testify, or to produce books, papers or other data, the District Court of the United States for the district in which such person resides shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data."

Standing alone, these provisions seem clearly to confer authority upon the Commissioner to make this examination and to

require the production of the books and records in question. The learned counsel for the respondent, however, answers with an argument which may be summarized as follows: Section 206 of the Income Tax Act of 1917 (Comp. St. 1918, § 6336⅜g) adopts the provisions of title 1 of the Income Tax Act of 1916. Section 13 (b) of the latter act (Comp. St. 1918, § 6336m) requires corporations to file returns before March 1st, and section 14 (a), being Comp. St. 1918, § 6336n, regulates the assessment and payment of the taxes as follows:

"All assessments shall be made and the several corporations * * * shall be notified of the amount for which they are respectively liable on or before the 1st day of June of each successive year, and said assessments shall be paid on or before the 15th day of June, * * * except in cases of refusal or neglect to make such return, and in cases of erroneous, false, or fraudulent returns, in which cases the Commissioner of Internal Revenue shall, upon the discovery thereof, at any time within three years after said return is due, make a return upon information obtained as provided for in this title or by existing law; and the assessment made by the Commissioner of Internal Revenue thereon shall be paid * * * immediately upon notification of the amount of such assessment."

The argument is that, as section 250 (d) of the act of 1921 does not deal with the discovery of error, but provides merely that additional assessments must be made within five years, and as section 14 (a) of the act of 1916 expressly limits the time within which the discovery of errors must be made to three years, the latter provision still stands unmodified by section 250 (d). Even assuming that section 206 of the act of 1917 is any such general adoption of title 1 of the act of 1916 as is contended by respondent, which I doubt, I think that the respondent's argument fails because taking a too restricted view of the scope and purpose of section 1308 of the act of 1921. That section is a general provision in aid of the Commissioner's power to correct returns or to make returns where none have been made. "For the purpose of ascertaining the correctness of *any* return," he is authorized to examine books, records, etc. Such examination must, of course, precede a determination and assessment, and I think that the authority to examine extends to any case in which the Commissioner has authority to determine and assess.

Now, when this production of records was requested in June, 1922, the Commissioner had authority to determine and assess income and excess profits taxes for the year 1917, for section 250 (d) of the Revenue Act of 1921, provided explicitly that "the amount of income, excess profits, or war profits taxes due under any return made * * * under prior income, excess profits, or war profits tax acts * * * shall be determined and assessed within five years after the return was filed." The bank's return for 1917 was filed on February 28, 1918, and an inspection was requested four years and four months thereafter. Section 250 (d) is, of course, retroactive, but it is made so by language that is clear and unequivocal, and the power of Congress to pass such legislation is well settled, providing only that it may not pass bills of attainder or ex post facto laws.

Respondent's counsel have called my attention to Eliot National Bank v. Gill (D. C.) 210 F. 933, affirmed 218 F. 600, 134 C. C. A. 358, and Dupont v. Graham (D. C.) 283 F. 300. But the Eliot National Bank Case held simply that under a provision of the Tariff Act of 1909 (36 Stat. 11) that, in case of a false or fraudulent return, the Commissioner shall make an amended return upon the discovery thereof at any time within three years after said return is due, the corrected assessment need not be made within the three years. In the Dupont Case, Judge Thompson referred to the question whether, under the Income Tax Act of 1913 (38 Stat. 114), the Commissioner is required merely to make discovery within the prescribed period, or also to make the assessment within that time. As to section 250 (d) of the act of 1921, he said:

"It is evident that Congress intended by the provisions of section 250 (d) of the act of 1921 to provide a definite five-year limitation for the beginning of suits or proceedings for the collection of the taxes enumerated. If the revenue officers should unduly delay the assessment of taxes and the commencement of proceedings for collection, Congress has determined that five years after the due day of the return is a reasonable time to bring to an end the right to collect."

But the question in the instant case is simply whether the Commissioner has five years from the filing of the return within which to inspect the respondent's books. As to this my conclusion is that, for the reasons I have indicated, he possesses such

authority, and that it is the respondent's duty, as liquidating agent of the bank, to produce the books and records in question.

Rule absolute.